WAGNER, Plaintiff, v. FIREMAN'S FUND INDEMNITY COMPANY, and STROUGH, Defendants.

Common Pleas Court, Stark County.

No. 93050.   Decided November 10, 1954.

Alex D'Aurora, Canton, for plaintiff.

Burt, Carson, Vogelgesang & Burt, M. M. Kienzle, of Counsel, Canton, on behalf of Fireman's Fund Indemnity Company.

Black, McCuskey, Souers, Dan M. Belden, Richard H. Kauffman, Canton, W. H. Neiman, Cincinnati, on behalf of Ford B. Strough.

## OPINION

By McLAUGHLIN, J.

This case is submitted upon an agreed statement of facts and the deposition of the defendant Ford B. Strough. There appears to be no factual dispute issue.

This automobile accident happened on April 8th, 1952, in the City of Canton. Plaintiff apparently suffered personal injuries in the accident, she being a pedestrian and hit by the car driven by the defendant Ford B. Strough.

At the time of the accident the defendant Strough's car was covered with a policy of liability and property damage insurance with the Fireman's Fund Indemnity Company. The defendant Strough was some kind of a travelling salesman, and although plaintiff had letters addressed to him at his Cincinnati address, he did not notify his insurance company of the accident until after he received a summons on May 17th, 1952, some thirty-nine (39) days after the date of the accident.

On the 4th day of January, 1954, the plaintiff recovered a judgment against the defendant Strough in the Court of Common Pleas of Stark County, Ohio, in the sum of Thirty-Five Hundred Dollars ($3500.00).

On February 5th, 1954, plaintiff filed a supplemental petition which set forth the insurance coverage of the defendant indemnity company, and prayed for judgment against the defendant indemnity company in the sum of Thirty-Five Hundred Dollars ($3500.00), to which supplemental petition the indemnity company filed an answer which set forth one of the conditions of said policy, as follows:

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the assured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

And alleged that failure to report the incident as a violation of the terms of the insurance contract.

The sole question before the Court is whether or not the assured complied with the policy provision of reporting the accident "as soon as practicable."

The phrase "as soon as practicable" means that an assured must give notice within a reasonable time. In this particular instance the time elapsing was some thirty-nine (39) days.

A close scrutiny of the agreed statement of facts and the deposition of the defendant Strough does indicate to the Court that notice was given to the indemnity company "as soon as practicable" under the circumstances surrounding.

The law liberally construes insurance policy provisions in favor of the insured and against the insurer, and it has been held in the Shafer case (35 Fed. Supp. 647), that notice given some one-hundred and twenty-eight (128) days after an accident was timely given under the circumstances then and there surrounding.

This insured gave notice to the insurance company the day he received notice that the claim was being made against him.

Our attention has been directed to the case of **Heller v. Insurance Company 27 Oh Ap**; particularly to the first full paragraph of **Page 411,** which does hold that violation of the provision as to notice gives rise to the presumption that the insurance company was prejudiced. We adopt that presumption and hold, that as applied to this case, the presumption of prejudice is amply rebutted, because the summons and notice was turned over to the indemnity company on the same day as received by the insured.

We note also that in the original case itself, the defendant Strough filed an answer and was represented by a firm of competent lawyers at the time the judgment against the defendant Strough was obtained. More than eighteen (18) months had elapsed between the time the insurer received the notice and summons and the judgment against the insured was taken.

We, therefore, hold that said notice was given within a reasonable time, and that the assured did comply with the policy provision of reporting the accident "as soon as practicable."

Judgment for plaintiff upon her supplemental petition.

Exceptions to the defendant the Fireman's Fund Indemnity Company.

Plaintiff to prepare entry.

## WAGNER, Plaintiff, v. FIREMAN'S FUND INDEMNITY COMPANY, and STROUGH, Defendants.

### AGREED STATEMENT OF FACTS

Counsel for plaintiff, Anna Wagner, and counsel for defendant, Fireman's Fund Indemnity Company, hereby agree and stipulate that the following facts may be taken as true without the introduction of proof under the supplemental petition of the plaintiff and defendant, Fireman's Fund Indemnity Company's answer thereto:

1. That Fireman's Fund Indemnity Company is an insurance corporation authorized to do business in the State of Ohio.

2. That on the 4th day of January, 1954, the plaintiff recovered a judgment against the defendant, Ford B. Strough, in the Court of Common Pleas of Stark County, Ohio, in the sum of $3500.00 in the above entitled action.

3. That this action was one for damages for personal injuries suffered by plaintiff as a result of being struck by an automobile driven by said Ford B. Strough.

4. That the defendant, Ford B. Strough, and said automobile were then and there insured by the defendant, Fireman's Fund Indemnity Company, against liability of said Ford B. Strough for personal injuries occasioned while he was driving said automobile and that he was so operating said automobile at the time of the accident complained of.

5. That said policy of insurance issued by defendant, Fireman's Fund Indemnity Company, was in full force and effect on April 8, 1952, being the date on which plaintiff sustained such injuries; that said judgment was for damages for injuries sustained by plaintiff by reason of the operation of said automobile by the defendant, Ford B. Strough.

6. That said judgment remained unsatisfied for more than 30 days after its rendition and is still unsatisfied and unpaid and that the supplemental petition herein was filed in accordance with the statute.

7. That said policy contained the following provision and condition covering bodily injury liability such as was involved herein:

"When an accident occurs, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and address of the injured and of available witnesses."

> Signed: A. H. D'Aurora
> H. R. Kauffman—counsel for Strough.
> Signed: Burt, Carson, Vogelgesang & Burt,
> Attorney for Defendant, Fireman's Fund
> Indemnity Company